**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No.** 2016-CV-2757

ROGER TRANTHAM,

    Plaintiff

v.

SUPER T. TRANSPORT, INC.; MARK WALTERS, individually; MANWEILER TRANSPORT, INC.; and PAUL HAMELIN, individually,

    Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiff Roger Trantham, by and through his attorneys, Negem & Worthington and Leventhal & Puga, P.C., for his Complaint and Jury Demand against Defendants Super T. Transport, Inc., Mark Walters, Individually, Manweiler Transport, Inc., and Paul Hamelin, Individually, alleges and states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff Roger Trantham is, and at all times relevant to this action, was a resident of the State of Texas.

2. Defendant Super T. Transport, Inc. ("Super T.") is a corporation created and existing under the laws of the State of Idaho, with its principle place of business in Idaho.

3. Defendant Mark Walters ("Walters") is, and at all times relevant to this action, a resident of the State of Idaho.

4. Defendant Manweiler Transport, Inc. ("Manweiler") is a corporation created and existing under the laws of the State of Colorado, with its principle place of business in Colorado.

5. Defendant Paul Hamelin ("Hamelin") is, and at all times relevant to this action, a resident of the State of Colorado.

6. The U.S. District Court for the District of Colorado has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a)(1) as there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

7. The tortious conduct that gave rise to these claims occurred in the State of Colorado.

8. Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. §1391(a).

## GENERAL ALLEGATIONS

9. Heath Treasure, located at 596 Aspen Drive, Rigby, Idaho, is the Registered Agent for Defendant Super T.

10. Defendant Super T. is a licensed motor carrier authorized at all material times to transport property in interstate commerce under U.S. DOT Number 1710127.

11. At all times relevant to this lawsuit, Defendant Super T., was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399 and 49 U.S.C. §13102(14).

12. At all times relevant to this lawsuit, Defendant Super T. was an "employer" as defined by 49 C.F.R. §390.5.

13. At all times relevant to this lawsuit, Defendant Walters was an "employee" of Defendant Super T. as per 49 C.F.R. § 390.5.

14. At the time of the collision that forms the basis of this lawsuit, Defendant Walters was an employee of Defendant Super T., and was operating a commercial motor vehicle on behalf of Defendant Super T.

15. On March 23, 2016 Defendant Walters was acting within the course and scope of his employment with Defendant Super T. while driving on Interstate-25. On March 23, 2016, while driving on Interstate 25, the Defendant, Walters while operating a commercial motor vehicle owned and maintained by the Defendant Super T., rear ended a commercial motor vehicle that Plaintiff Roger Trantham was occupying. The accident made the basis of this lawsuit occurred on Interstate Highway 25 near US Highway 66 in Longmont, Colorado in Meade County, Colorado.

16. Defendant Walters was operating Defendant Super T.'s tractor and trailer with their knowledge, permission, and consent on March 23, 2016.

17. At all times relevant to this lawsuit, Defendant Walters was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

18. Merle Manweiler, located at 1833 Platteville Blvd., Pueblo, Colorado, 81007, is the Registered Agent for Defendant Manweiler.

19. Defendant Manweiler is a licensed motor carrier authorized at all material times to transport property in interstate commerce under U.S. DOT Number 602846.

20. At all times relevant to this lawsuit, Defendant Manweiler was a "motor carrier" as per 49 C.F.R. parts 383, 387, and 390-399 and 49 U.S.C. §13102(14).

21. At all times relevant to this lawsuit, Defendant Manweiler was an "employer" as defined by 49 C.F.R. §390.5.

22. At all times relevant to this lawsuit, Defendant Hamelin was an "employee" of Defendant Manweiler as per 49 C.F.R. §390.5.

23. At the time of the collision that forms the basis of this lawsuit, Defendant Hamelin was an employee of Defendant Manweiler, and was operating a commercial motor vehicle on behalf of Defendant Manweiler.

24. On March 23, 2016, Defendant Hamelin was acting within the course and scope of his employment with Defendant Super T. while driving on Interstate-25. The accident made the basis of this lawsuit occurred on Interstate Highway 25 near US Highway 66 in Longmont, Colorado in Meade County, Colorado.

25. Defendant Hamelin was operating Defendant Manweiler's tractor and trailer with their knowledge, permission, and consent on March 23, 2016.

26. At all times relevant to this lawsuit, Defendant Hamelin, was operating a "commercial motor vehicle" in "interstate commerce", as per 49 C.F.R. parts 383, 387, and 390-399.

## FACTUAL ALLEGATIONS

27. On March 23, 2016, Plaintiff Roger Trantham, was operating his commercial motor vehicle in a safe and prudent manner northbound on Interstate Highway 25 near US Highway 66 in Longmont, Colorado in Meade County, Colorado.

28. On March 23, 2016 at approximately 11:00 a.m., Plaintiff Roger Trantham had come to a complete stop on Interstate-25 because traffic in front of him had stopped.

29. After Plaintiff Roger Trantham had come to a complete stop, suddenly and without any warning a tractor-trailer owned and controlled by Defendant Super T. and operated by the Defendant Walters slammed into the rear of Plaintiff's vehicle.

30. As a result of the negligence of the Defendants, Plaintiff sustained severe, permanent physical impairment and disabling injuries. These injuries include but are not limited to multiple herniated and bulging intervertebral disc at multiple levels, including C5-6, nerve impingement and irritation within the spinal column, radiculopothy, right shoulder, neck, and back injuries. Further, Plaintiff sustained additional injuries to his C3-4, C4-5, and C 6-7 discs as a result of the collision in question. As a result of the negligence of the Defendants, Plaintiff has additionally suffered emotional and physical pain and suffering, inconvenience, loss of enjoyment of life, past and future medical, hospital, and therapy expenses, loss of past earnings and future earning capacity. Plaintiff will suffer future medical expenses and other expenses including a loss of home services.

## FIRST CLAIM FOR RELIEF
### Negligence (Defendant Walters)

31. Plaintiff incorporates by reference paragraphs 1 through 30 above.

32. Defendant Walters was negligent in the operation of his commercial motor vehicle on March 23, 2016 northbound on I-25. Defendant Walters' negligence included, but was not limited to:

   a. Failing to use reasonable care in the operation of the tractor/trailer;
   b. Failing to maintain a proper lookout;
   c. Failing to use reasonable care when braking and failure to bring his vehicle to a stop within the assumed clear distance ahead;
   d. Driving at a speed greater than reasonable under existing conditions;
   e. Failing to maintain a safe and reasonable distance between vehicles;
   f. Driving at an excessive speed;
   g. Failing to drive slowly and smoothly on slippery roads;
   h. Failing to adjust his speed to snowy and icy road conditions;
   i. Failing to adjust his braking to snowy and icy road conditions;

j. Failing to adjust his space, including his following distance, to snowy and icy road conditions; and

k. Failing to account to diminished brake performance due to wet, snowy and icy road conditions.

33. Because Defendant Walters hit Plaintiff's vehicle in the rear, the law presumes that Defendant Walters was negligent. As a result of Defendant Walters' negligence, Plaintiff Roger Trantham has sustained injuries, damages, and losses as outlined above.

## SECOND CLAIM FOR RELIEF
### Negligence *Per Se* (Defendant Walters)

34. Plaintiff incorporates by reference paragraphs 1 through 33 above as if fully set forth herein.

35. Defendant Walters was in violation of one or more provisions of Colorado law, including, but not limited to, C.R.S. § 42-4-1402, which states:

> (1) A person who drives a motor vehicle, bicycle, electrical assisted vehicle, or low-power scooter in a careless and imprudent manner, without due regard for the width, grade, curves, comers, traffic, and use of the streets and highways and all other intended circumstances, is guilty of careless driving. A person convicted of careless driving of a bicycle or electrical assisted bicycle shall not be subject to the revisions of section 42-2-127.
> (2) (a) Except as otherwise provided in paragraphs (b) and (c) of this subsection (2) any person who violates any provision of this section commits a class two misdemeanor traffic defense.
> (b) If the person's actions are the proximate cause of bodily injury to another, such a person commits a class 1 misdemeanor traffic offense.
> (c) If the person's actions are the proximate cause of death to another, such person commits a class one misdemeanor offense.

36. At the time of the collision, C.R.S. § 42-4-1402 was in effect.

37. Defendant Walters violated C.R.S. § 42-4-1402.

38. The purpose of this and other similar provisions is to prevent against the types of injuries, damages, and losses Plaintiff Roger Trantham sustained in the collision.

39. Defendant Walters' violation of this provision constitutes negligence *per se*.

40. Defendant Walters' violation of the statute set forth above caused Plaintiff Roger Trantham to suffer injuries, damages, and losses as outlined above.

## THIRD CLAIM FOR RELIEF
### Negligence Entrustment, Hiring, and Supervision (Defendant Super T.)

41. Plaintiff incorporates by reference paragraphs 1 through 40 above.

42. As a commercial motor carrier operating under federal authority, Defendant Super T. had the duty and responsibility to exercise due care in hiring, training, supervising, and entrusting Defendant Walters with a tractor-trailer combination capable of traveling at high speeds and weighing almost 40 tons

43. Defendant Super T. entrusted the operation of its tractor-trailer to Defendant Walters.

44. Defendant Super T. knew or had reason to know that Mark Walters was likely to use and operate the tractor trailer in a negligent and careless manner and under the circumstances which would subject third parties, such as Plaintiff Roger Trantham, to an unreasonable risk of harm.

45. Defendant Super T. was further negligent by:
   a. Hiring and/or retaining its Mark Walters; and
   b. Failing to instruct, supervise, and control Mark Walters.

46. As a result of the negligence of Defendant Super T., Plaintiff Roger Trantham has suffered injuries, damages, and losses as outlined above.

## FOURTH CLAIM FOR RELIEF
### Vicarious Liability (Defendant Super T.)

47. Plaintiff incorporates by reference paragraphs 1 through 46.

48. At all times relevant, Defendant Walters was using and operating the tractor trailer for the benefit of, under supervision of, and in connection with the business of Defendant Super T.

49. At all times relevant, Defendant Walters was using and operating the tractor trailer as an agent or employee of Defendant Super T.

50. Pursuant to the Motor Carrier Safety Regulations as adopted by the State of Colorado, Defendant Super T. is legally responsible for the acts and omissions of Defendant Walters in connection with the collision.

51. Defendant Walters was, and is considered a statutory employee of Defendant Super T. pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5, rendering Defendant Super T. vicariously liable for all negligent acts and/or omission of its employee driver.

52. As a result of its legal relationship and its responsibilities for the acts and omissions of Defendant Walters, Defendant Super T. is responsible for the injuries, damages, and losses suffered by Plaintiff Roger Trantham as a result of the conduct of Defendant Walters.

53. As a result of the negligence of Defendant Walters, Plaintiff has sustained injuries, damages, and losses as outlined above.

## FIFTH CLAIM FOR RELIEF
### Negligence (Defendant Hamelin)

54. Plaintiff incorporates by reference paragraphs 1 through 53.

55. Defendant Hamelin was negligent in the operation of his commercial motor vehicle on March 23, 2016 northbound on Interstate-25. Defendant Hamelin's negligence included, but was not limited to:

   a. Failing to use reasonable care in the operation of the tractor/trailer;
   b. Failing to maintain a proper lookout;
   c. Failing to use reasonable care when braking and failure to bring his vehicle to a stop within the assumed clear distance ahead;
   d. Driving at a speed greater than reasonable under existing conditions;
   e. Failing to maintain a safe and reasonable distance between vehicles;
   f. Driving at an excessive speed;
   g. Failing to drive slowly and smoothly on slippery roads;
   h. Failing to adjust his speed to snowy and icy road conditions;
   i. Failing to adjust his braking to snowy and icy road conditions;
   j. Failing to adjust his space, including his following distance, to snowy and icy road conditions; and
   k. Failing to account to diminished brake performance due to wet, snowy and icy road conditions.

56. As a result of Defendant Hamelin's negligence, Plaintiff Roger Trantham has sustained injuries, damages, and losses as outlined above.

**SIXTH CLAIM FOR RELIEF**
**Negligence *Per Se* (Defendant Hamelin)**

57. Plaintiff incorporates by reference paragraphs 1 through 56.

58. Defendant Hamelin was in violation of one or more provisions of Colorado law, including, but not limited to, C.R.S. § 42-4-1402, which states:

> (1) A person who drives a motor vehicle, bicycle, electrical assisted vehicle, or low-power scooter in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other intended circumstances, is guilty of careless driving. A person convicted of careless driving of a bicycle or electrical assisted bicycle shall not be subject to the revisions of section 42-2-127.
>
> (2) (a) Except as otherwise provided in paragraphs (b) and (c) of this subsection (2) any person who violates any provision of this section commits a class two misdemeanor traffic defense.
>
> (b) If the person's actions are the proximate cause of bodily injury to another, such a person commits a class 1 misdemeanor traffic offense.
>
> (c) If the person's actions are the proximate cause of death to another, such person commits a class one misdemeanor offense.

59. At the time of the collision, C.R.S. § 42-4-1402 was in effect.

60. Defendant Hamelin violated C.R.S. § 42-4-1402.

61. The purpose of this and other similar provisions is to prevent against the types of injuries, damages, and losses Plaintiff Roger Trantham sustained in the collision.

62. Defendant Hamelin's violation of this provision constitutes negligence *per se*.

63. Defendant Hamelin's violation of the statute set forth above caused Plaintiff Roger Trantham to suffer injuries, damages, and losses as outlined above.

**SEVENTH CLAIM FOR RELIEF**
**Negligent Entrustment, Hiring, and Supervision (Defendant Manweiler)**

64. Plaintiff incorporates by reference paragraphs 1 through 63.

65. As a commercial motor carrier operating under federal authority, Defendant Manweiler had the duty and responsibility to exercise due care in hiring, training, supervising, and

entrusting Defendant Hamelin with a tractor-trailer combination capable of traveling at high speeds and weighing almost 40 tons

66. Defendant Manweiler entrusted the operation of its tractor-trailer to Defendant Hamelin.

67. Defendant Manweiler knew or had reason to know that Paul Hamelin was likely to use and operate the tractor trailer in a negligent and careless manner and under the circumstances which would subject third parties, such as Plaintiff Roger Trantham, to an unreasonable risk of harm.

68. Defendant Manweiler was further negligent by:
   a. Hiring and/or retaining its Paul Hamelin; and
   b. Failing to instruct, supervise, and control Paul Hamelin.

69. As a result of the negligence of Defendant Manweiler as described above, Plaintiff Roger Trantham has suffered injuries, damages, and losses as outlined above.

## EIGHTH CLAIM FOR RELIEF
### Vicarious Liability (Defendant Manweiler)

70. Plaintiff incorporates by reference paragraphs 1 through 69.

71. At all times relevant, Defendant Hamelin was using and operating the tractor trailer for the benefit of, under supervision of, and in connection with the business of Defendant Manweiler.

72. At all times relevant, Defendant Hamelin was using and operating the tractor trailer as an agent or employee of Defendant Manweiler.

73. Pursuant to the Motor Carrier Safety Regulations as adopted by the State of Colorado, Defendant Manweiler is legally responsible for the acts and omissions of Defendant Hamelin in connection with the collision.

74. Defendant Hamelin was, and is considered a statutory employee of Defendant Manweiler pursuant to Title 49 §14102 of the United States Code and also per 49 C.F.R. §390.5, rendering Defendant Manweiler vicariously liable for all negligent acts and/or omission of its employee driver.

75. As a result of its legal relationship and its responsibilities for the acts and omissions of Defendant Hamelin, Defendant Manweiler is responsible for the injuries, damages, and losses suffered by Plaintiff Roger Trantham as a result of the conduct of Defendant Hamelin.

76. As a result of the negligence of Defendant Hamelin, Plaintiff has sustained injuries, damages, and losses as outlined above.

## PRAYER FOR RELIEF

Plaintiff Roger Trantham respectfully request the Court enter judgment in his favor and against Defendants Walters, Super T., Hamelin, and Manweiler, and award the following relief:

a. For compensatory economic and non-economic damages in amounts which will fully compensate Plaintiff Roger Trantham for all his damages, pain, suffering, loss of enjoyment of life, physical impairment, past and future lost wages, loss of earning capacity, and past and future medical and life care expenses to be proved at trial;

b. Prejudgment interest beginning from the date of incident;

c. Post judgment interest;

d. For reasonable attorneys' fees and costs of suit herein; and

e. For such other and further relief as this Court deems just and proper

## JURY DEMAND

Plaintiff hereby demands trial to a jury on all issues so triable.

Dated this 11th day of November, 2016.

Respectfully submitted,

Jimmy M. Negem
Texas State Bar No. 14865500
Joe M. Worthington
Texas State Bar No. 22009950
NEGEM & WORTHINGTON
440 South Vine Ave.
Tyler, Texas 75702
903.595.4466 (telephone)
903.593.3266 (facsimile)

And

s/*Bruce Braley*
LEVENTHAL & PUGA, P.C.
Bruce L. Braley
Colorado State Bar No. 48612
Molly L. Greenblatt
Colorado State Bar No. 36252
Kylie M. Osterloh
Colorado State Bar No. 49478
950 S. Cherry St., Ste. 600
Denver, CO 80246
(303) 759-9945 (telephone)
(303) 759-9692 (facsimile)
ATTORNEYS FOR PLAINTIFF