IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Action No. 1:16-cv-02757-LTB-KLM

ROGER TRANTHAM,

Plaintiff,

v.

SUPER T. TRANSPORT, INC.;
LAYNE WALTERS, individually;
MANWEILER TRANSPORT, INC.; and
PAUL HAMELIN, individually,

Defendants.

_____

MEMORANDUM OPINION AND ORDER
_____

Babcock, J.

This matter is before me on Defendants Manweiler Transport Inc. and Paul Hamelin's ("Moving Defendants") Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. (Mot. Summ. J., ECF No. 59.) Defendants Super T. Transport, Inc. and Layne Walters ("Opposing Defendants") filed a Response. (Defs.' Resp., ECF No. 60.) Plaintiff did not respond to Moving Defendants' Motion. For reasons explained below, I will not consider Opposing Defendants' Response on its merits. After consideration of the Motion, all proper related pleadings, and the case file, I grant Moving Defendants' Motion for the reasons set forth below.

1

## I. Background

This action arises out of an accident involving three commercial motor vehicles on Interstate 25 near Highway 66. (Second Am. Compl., ECF No. 41 at 3–4; ECF No. 59 at 2–3; Ex. D to Reply to Mot. Summ. J., ECF No. 61-3 at 2–3.) For the purposes of Moving Defendants' Motion, the following facts are undisputed unless otherwise noted.

On a snowy day with limited visibility, all three vehicles were traveling northbound when Opposing Defendants' vehicle rear-ended Plaintiff's vehicle. (ECF No. 59 at 3; ECF No. 61-3 at 3–5.) Plaintiff avers in his Amended Complaint that Opposing Defendant Walter "slammed into the rear of Plaintiff's vehicle," but Plaintiff does not detail Moving Defendants' role in the accident which caused Plaintiff's alleged harm. (ECF No. 41 at 4.) Moving Defendants' vehicle subsequently rear-ended Opposing Defendants' vehicle. (ECF No. 61-3 at 4.) Moving Defendants' vehicle did not make contact with Plaintiff's vehicle. (Ex. B to Mot. Summ. J., ECF 59-2 at 144:24–145:1.) The force from the impact between Moving Defendants' and Opposing Defendants' vehicles did not cause a secondary impact between Plaintiff's and Opposing Defendants' vehicles. (ECF No. 59-2 142:6-9; ECF No. 61-3 at 5.)

## II. Standard of Review

The purpose of a summary judgment motion under Rule 56 is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Rule 56 provides that summary judgment shall be granted if the pleadings,

2

depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if its determination might affect the outcome of the suit under the governing law. *Roberts v. Jackson Hole Mountain Resort Corp.*, 884 F.3d 967, 972 (10th Cir. 2018). Evidence and any reasonable inferences drawn from the evidence is viewed in the light most favorable to the nonmoving party. *T.D. v. Patton*, 868 F.3d 1209, 1219 (10th Cir. 2017).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact and entitlement to judgment as a matter of law. *Am. Movie Classics v. Rainbow Media Holdings*, 508 F. App'x 826, 829 (10th Cir. 2013) (quoting *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670–71 (10th Cir. 1998)). To meet this burden, movant need not disprove a nonmovant's claims; rather, it must "simply point[ ] out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d at 670–71 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If it meets this initial burden, the burden shifts to the nonmoving party, here Plaintiff, to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). If a plaintiff does not respond to a motion for summary judgment, it cannot rely solely on its complaint to counter supported assertions made by the moving party. *Lopez-Bignotte v. Ontivero*, 42 F. App'x 404, 408 (10th Cir. 2002) (citing *Parkinson v. The Calif. Co.*, 233 F.2d 432, 438 (10th Cir. 1956).

In the case that the nonmoving party does not respond to the motion, the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e). Thus, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its initial burden of demonstrating that no material issues of fact remain for trial and the moving party is entitled to judgment as a matter of law." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970)).

"If the evidence produced in support of the summary judgment motion does not meet this burden, 'summary judgment must be denied *even if no opposing evidentiary matter is presented.*'" *Id.* (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. at 160) (emphasis in original). However, after accepting as true all material facts asserted and properly supported in the motion, the court should grant summary judgment if movant is entitled to judgment as a matter of law. *Id.* (citing cases).

### III. Analysis

#### A. The Effect of Opposing Defendants' Response

Opposing Defendants responded to Moving Defendants' Motion but did not discuss the procedural posture of a co-defendant responding to another co-defendant's motion for summary judgment. In their Reply, Moving Defendants

4

argued that Opposing Defendants have no standing to file a response because Moving Defendants' "requested dismissal does not impact Plaintiff's claims against [Opposing Defendants] or [Opposing Defendants'] defenses to such claims." (Reply to Mot. Summ. J., ECF No. 61 at 2.)

To my knowledge, a federal appellate court has yet to address what should occur when a co-defendant responds to another co-defendant's motion for summary judgment when no crossclaims exist. However, many district courts have addressed the issue, to which there have been myriad outcomes. *See D.F. by & through Amador v. Sikorsky Aircraft Corp.*, No. 3:13-cv-00331-GPC-KSC, 2017 WL 4922814, at *11–12 (S.D. Cal. Oct. 30, 2017) (collecting cases). The court in *D.F.* summarized that the courts not allowing an opposing co-defendant to respond "have relied on the idea that forcing a plaintiff to prosecute a trial, against that plaintiff's wishes, is 'contrary to the principle of Rule 56 that trials (or portions thereof) should be avoided when appropriate.'" *Id.* at *11 (quoting *Blonder v. Casco Inn Care, Inc.*, No. Civ. 99-274-P-C, 2000 WL 761895, at *1 (D. Me. May 4, 2000)).

On the contrary, the courts that allowed an opposing co-defendant's response have focused on the opposing co-defendant's interest in keeping the moving co-defendant in the case. *Id.* at *12; *see Wood v. Millar*, No. CV 13-0923 RB/CG, 2015 WL 12661926, at *4 (D.N.M. Feb. 19, 2015) ("the better rule allows defendants to oppose motions for summary judgment if they could be aggrieved by the outcome of the decision."). After review of those cases, I find that the dispositive question on

this issue is whether the Opposing Defendants would be adversely affected were I to grant Moving Defendants' Motion.

To this point, I find that Opposing Defendants would not be adversely affected. In *Wood v. Millar*, the court found that the opposing co-defendants would be adversely affected because they pleaded a defense of apportionment against the other defendants and under "New Mexico's system of comparative fault, concurrent tortfeasors are severally liable for damages apportioned to each wrongdoer for his share of the total fault." 2015 WL 12661926, at *4.

However, this does not apply because Colorado law mandates that in "an action brought as a result of a death or an injury to person or property, no defendant shall be liable for an amount greater than that represented by the degree or percentage of the negligence or fault attributable to such defendant that produced the claimed injury, death, damage, or loss." Colo. Rev. Stat § 13-21-111.5; *see* Moore v. Banta, No. 14-CV-00143-REB-MJW, 2014 WL 7928838, at *1 (D. Colo. Dec. 9, 2014) ("The adoption of [Colo. Rev. Stat § 13-21-111.5] was intended to cure the perceived inequity under the common law concept of joint and several liability whereby wrongdoers could be held fully responsible for a plaintiff's entire loss, despite the fact that another wrongdoer, who was not held accountable, contributed to the result."), *R. & R. adopted*, No. 14-CV-00143-REB-MJW, 2015 WL 849194 (D. Colo. Feb. 25, 2015). Regardless of whether Moving Defendants are in the case, Opposing Defendants will not be liable for Moving Defendants' portion of liability, if

any. This means that Opposing Defendants will not be adversely affected if Moving Defendants' Motion is granted.

Opposing Defendants would have the option under Colo. Rev. Stat. § 13-21-111.5(3)(b) to petition the Court to designate Moving Defendants as a nonparty at fault. Colo. Rev. Stat. § 13-21-111.5(3)(b) "provides that, in civil actions based on claims of negligence, plaintiffs and defendants may designate nonparties as wholly or partially negligent, and authorizes the finder of fact to consider the percentage of a nonparty's negligence in apportioning ultimate liability." *Elliot v. Turner Const. Co.*, 381 F.3d 995, 1003 n.3 (10th Cir. 2004).

### B. No Genuine Disputes of Material Fact

Moving Defendants argue that summary judgment is appropriate here because there is no evidence that: (1) Defendant Hamelin caused any impact to Plaintiff's vehicle; (2) Defendant Hamelin was negligent per se; and (3) Defendant Manewiler is vicariously liable for any of Plaintiff's alleged damages. (ECF No. 59 at 4–5.) Since this case is before me based on diversity jurisdiction, I apply the laws of the forum state in analyzing the underlying claims. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995).

#### 1. Defendant Hamelin's Alleged Negligence

In his Amended Complaint, Plaintiff alleges that Defendant Hamelin was negligent in the operation of his vehicle, and such negligence led to Plaintiff's alleged injuries. (ECF No. 41 at 6–7.) Moving Defendants argue that the "record is

7

devoid of any evidence that Defendant Hamelin caused any impact to Plaintiff's vehicle." (ECF No. 59 at 4.) Under Colorado law, the burden is on the plaintiff to establish a *prima facie* case of negligence by demonstrating: (1) the applicable standard of care; (2) that the defendant breached the standard of care; (3) injury to the plaintiff; and (4) that the breach caused the plaintiff's injury. *HealthONE v. Rodriguez,* 50 P.3d 879, 888 (Colo. 2002).

As explained above, Moving Defendants' vehicle did not make contact with Plaintiff's vehicle and the force from the impact between Moving and Opposing Defendants' vehicles did not cause a secondary impact between Plaintiff's and Opposing Defendants' vehicles. There are no other facts presented countering this recitation of the events, taking into account both that Plaintiff cannot rely on his Complaint alone and I have chosen not to analyze Opposing Defendants' Response on its merits. Without any showing that Defendant Hamelin made impact with Plaintiff's vehicle or caused a secondary collision, there is not a genuine dispute of whether Defendant Hamelin could have caused Plaintiff's alleged injuries as stated in the Amended Complaint. Taking all facts in a light most favorable to the nonmoving party, summary judgment would appropriate for this claim.

2. **Defendant Hamelin's Alleged Negligence Per Se**

In his Amended Complaint, Plaintiff alleges that Defendant Hamelin violated Colo. Rev. Stat. § 42-4-1402, such violation constitutes negligence per se, and that Defendant Hamelin's violation of the statute caused Plaintiff's alleged injuries. (ECF No. 41 at 7–8.) Moving Defendants argue that there "is no evidence that

Defendant Hamelin drove carelessly, causing any injury to Plaintiff or his vehicle." (ECF No. 59 at 5.)

Negligence per se occurs when one violates a statute adopted for the public's safety and the violation proximately causes a plaintiff's injury. *Hendrickson v. Doyle*, 150 F. Supp. 3d 1233, 1239 (D. Colo. 2015) (quoting *Scott v. Matlack, Inc.*, 39 P.3d 1160, 1166 (Colo. 2002). "When a party engages in the statute's proscribed conduct, the violation constitutes negligence per se if (1) a party is injured by the statutory violation, (2) the injury was of the type intended to be prevented by the statute, and (3) the injured party was one of the class meant to be protected by the statute." *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 925–26 (10th Cir. 1994).

Moving Defendants point to Plaintiff's deposition, where Plaintiff states that he has no evidence that: (1) Defendant Hamelin acted negligently; (2) Plaintiff's injuries were a result of the way Defendant Hamelin operated his vehicle; and (3) Defendant Hamelin violated any law in the operation of his vehicle. (ECF No. 59-2 at 145:2–18.) These assertions have not been rebutted by Plaintiff, and no evidence presented shows that there is a genuine dispute regarding these statements. Thus, summary judgment is appropriate for this claim.

3. **Defendant Manewiler's Alleged Vicarious Liability**

In his Amended Complaint, Plaintiff alleges that since Defendant Hamelin is an employee of Defendant Manewiler, that Defendant Manewiler is responsible for the "injuries, damages, and losses suffered by Plaintiff [] as a result of the conduct of Defendant Hamelin." (ECF No. 41 at 8.)

9

"Under the respondeat superior doctrine, an employer is liable for torts of an employee acting within the scope of employment." *Stokes v. Denver Newspaper Agency, LLP*, 159 P.3d 691, 693 (Colo. App. 2006). However, in this case, I have found that Plaintiff's claims against Defendant Hamelin are appropriate for summary judgment against Plaintiff. Thus, there is nothing to impute onto Defendant Manewiler and summary judgment is appropriate for this claim as well.

## I. Conclusion

For the foregoing reasons, IT IS ORDERED that Defendants Hamelin and Manewiler's Motion for Summary Judgment (ECF No. 59) is GRANTED, these Defendants are DISMISSED from this action, costs to be awarded to these Defendants.

Dated: April 30, 2018 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE